# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1504V
Filed: April 17, 2017

```
* * * * * * * * * * * * *
MARIO REYES NIETO,            *      UNPUBLISHED
                              *
         Petitioner,          *
v.                            *      Decision on Attorneys' Fees and Costs;
                              *      Reasonable Amount to Which Respondent
SECRETARY OF HEALTH           *      Does Not Object.
AND HUMAN SERVICES,           *
                              *
         Respondent.          *
* * * * * * * * * * * * *
```

*Leah V. Durant, Esq.*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Douglas Ross, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 11, 2015, Petitioner ("Mr. Nieto," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that he suffered injuries, including Guillian-Barre Syndrome ("GBS"), as a result of receiving an influenza ("flu") vaccination on November 24, 2014.  *See* Stipulation, filed Dec. 21, 2016, at ¶¶ 1-4.  Respondent denied that the vaccination caused petitioner's injury, or his current condition.  *Id*. at ¶ 6.  Nevertheless, the parties agreed to settle the case.  On December 21, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulations.  Decision, ECF No. 26.

On February 22, 2017, petitioner filed a motion for attorneys' fees and costs.  Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 31.  Petitioner requests attorneys' fees in the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

amount of $22,599.50 and $5,920.47 in costs, for a total of fees and costs in the amount of $28,519.97.  *Id*. at 1.  In accordance with General Order #9, petitioner's counsel represents that petitioner has incurred no out-of-pocket expenses.  On March 15, 2017, respondent filed a response to petitioner's Motion for Fees.  Response, ECF No. 32.  Respondent provided no specific objection to the amount requested or hours worked, but instead, respondent "respectfully recommend[ed] that the special master exercise her discretion and determine reasonable award for attorneys' fees and costs."  *Id*. at 3.

For the reasons set forth below, the undersigned awards petitioner a total of $28,512.37, representing $22,591.90 in attorneys' fees and $5,920.47 in costs.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa—15(e)(1).  A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed.  *Id.*  When a petitioner prevails, as petitioner did in the instant case, the special master must assess whether the fees and costs requested by petitioner are "reasonable."  Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs.  *See Perreira v. Sec'y of Health and Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton v. Sec'y of Health and Human Servs.,* 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

### A.     Reasonable Hourly Rate

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the Court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id*. at 1348.
Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d 1517 at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  *Id*. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee

application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In this case, petitioner requests compensation for her attorney, Ms. Durant, at a rate of $350.00 per hour for 2015 through 2016, and $365 per hour for 2017. The undersigned reviewed the fee application and finds the hourly rates for 2015 through 2016 to be reasonable and consistent with the rates at which Ms. Durant and her paralegal, Ms. Raina have been compensated in past cases. *See e.g., Terrell v. Sec'y of Health & Human Servs.*, No. 13-334V, 2017 WL 1130947, at *2 (Fed. Cl. Mar. 2, 2017); *Dipietro v. Sec'y of Health & Human Servs.*, No. 15-742V, 2016 WL 7384131, at *4 (Fed. Cl. Oct. 6, 2016); *McCloud v. Sec'y of Health & Human Servs.*, No. 16-719V, 2016 WL 8077964, at *2 (Fed. Cl. Dec. 23, 2016).

On March 2, 2017, Chief Special Master Dorsey issued a decision setting 2017 forum hourly rates for Ms. Durant at $363. *See Terrell*, 2017 WL 1130947, at *2. The undersigned finds the Chief Special Master's reasoning to be persuasive, and hereby adopts the rates decided in *Terrell* as the rates for this analysis. Following the Chief Special Master's analysis, the undersigned will reduce Ms. Durant's requested 2017 rate of $365 per hour to $363. Therefore, Ms. Durant's fees for 2017 are reduced from $1,387.00 to $1,379.40.

**B.     Reasonable Costs**

In this case, petitioner requests a total of $5,920.47 in attorneys' costs. Motion for Fees, ECF No 31 at 1. The requested costs consists of the costs of securing the medical records, analysis of the medical records, and shipping costs. The undersigned finds petitioners requested costs to be reasonable.

## II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested | $22,599.50 |
| (Reduction of Ms. Durant's Hourly Rate in 2017) | ($     -7.60) |
| **Total Attorneys' Fees Awarded** | **$22,591.90** |
| **Attorneys' Costs Awarded** | **$ 5,920.47** |
| **Attorneys' Fees & Costs Awarded** | **$28,512.37** |

For the reasons contained herein, **a check, in the amount of $28,512.37[3] made payable jointly to petitioner and petitioner's counsel, Leah Durant,** for petitioner's attorneys' fees and

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

costs, **shall be issued.** The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.